# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | |
|---|---|
| PORTFOLIO RECOVERY ASSOCIATES, LLC, AS ASSIGNEE FOR NCO/CITIBANK, | )<br>)<br>)<br>) |
| Counterclaim defendant, | ) Case No. 2:11-cv-04185-NKL |
| v. | )<br>) |
| RONALD HARSTAD, | )<br>) |
| Counterclaimant. | )<br>) |
| NCOP CAPITAL, INC., CITIBANK (SOUTH DAKOTA), N.A. AND CITICORP CREDIT SERVICES, INC. | )<br>)<br>)<br>) |
| Third Party Defendants. | ) |

**ORDER**

Before the Court are the Motions to Strike and/or Dismiss [Doc. # 5] filed by Third Party Defendants Citibank (South Dakota), N.A., and Citicorp Credit Services, Inc. (collectively "Citi-Defendants"), and the Motion to Dismiss filed by Third Party Defendant NCOP Capital, Inc. [Doc. # 9]. For the following reasons, the Court grants the motions.

**I.      Background**

In 1999, Defendant Ronald Harstad opened a Citibank Advantage credit card account with Third Party Defendant Citibank. Harstad claimed the card was stolen from him while he was overseas in March 2001, and was used without Harstad's knowledge or consent. In

November 2003, Citibank sold the Harstad Account to Third Party Defendant NCOP. In October 2007, NCOP sold the Harstad Account to Plaintiff Portfolio Recovery Associates. In February 2009, Portfolio sued Harstad to collect on the Citibank credit card account debt that Portfolio had acquired from NCOP. Harstad counterclaimed against Portfolio, claiming he did not owe any debt because the foreign charges on the Account were fraudulent. [Doc. # 6 at 6]. On May 26, 2009, Portfolio's claims were dismissed without prejudice. On January 24, 2011, Harstad filed his Second Amended Counterclaim and Third Party Petition, raising new third party claims against NCOP and Citicorp Credit Services. Before NCOP and Citicorp responded, Portfolio and Harstad filed a Joint Motion to Dismiss all claims against each other. On February 21, 2011, the Boone County Circuit Court of Missouri granted that Motion. On May 19, 2011, Harstad filed a Third Amended Counterclaim and Third Party Petition asserting third party claims against NCOP and Citi-Defendants. On July 25, 2011, Citi removed the case to this Court. [Doc. # 10 at 2-3].

Harstad alleges three causes of action against NCOP in the third party petition: state law fraud, state law negligence, and violations of the Missouri Merchandising Practices Act. Underlying each claim is Harstad's allegations of "false representations" made by NCOP to credit reporting companies and debt collectors, which Harstad alleges damaged his credit and caused him to incur costs and general distress. [Doc. # 10 at 3].

Harstad alleges five causes of action against Citi-Defendants: two counts for state law fraud, violations of the Missouri Merchandising Practices Act, state law negligence, and

2

defamation. [Doc. # 6 at 6-7]. Harstad maintains that he disputed the foreign charges but that Citibank held him responsible for the balance owed. He also alleges that Citibank communicated false information to collection and credit reporting agencies regarding his credit card account.

NCOP and Citi-Defendants both bring motions to dismiss Harstad's third party petition, alleging that the Petition is procedurally improper because it is not permitted under Rule 14 of the Federal Rules of Civil Procedure. Citi-Defendants also allege that Harstad's claims are substantively deficient. [Doc. # 6 at 6-7].

**II.     Discussion**

Federal Rule of Civil Procedure 14 allows a defendant to implead a third party "who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a). Rule 14(a) permits a defendant to assert a claim against a non-party to the main action "only if that third person's liability on that claim is in some way dependent upon the outcome of the main claim." *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003). Rule 14 should be liberally construed in favor of impleading the third party as its purpose is to "avoid a circuity of actions and a multiplicity of suits." *United States v. J & D Enters. of Duluth*, 955 F. Supp. 1153, 1156 (D. Minn.1997). Though indemnity, contribution and subrogation are the traditional grounds for a third party complaint, Rule 14 does not foreclose other types of actions. *Fischbach v. Capital One Bank* (USA), N.A., 2011 WL 71207, (D. Minn. 2011); *Int'l Paving Sys. Inc. v. Van-Tulco, Inc.*, 866 F. Supp. 682, 687 (E.D.N.Y.1994). However,

3

even under a liberal construction of the Rule, an essential component for a proper third-party complaint is the attempt of the original defendant to transfer at least some of the alleged liability for the original plaintiff's claim from himself to a third party. *See e.g. American Zurich Insurance Co. v. Cooper Tire & Rubber Co.*, 512 F.3d. 800, 805 (6th Cir. 2008). A third party claim that is simply related to the main claim is not sufficient to serve as the basis for an interpleader suit. *Mattes*, 323 F.3d at 698 ("Rule 14(a) does not allow the defendant to assert a separate and independent claim even though the claim arises out of the same general set of facts as the main claim").

Though the third-party claim does not have to be one for indemnification, there does have to be some showing of a "coherent legal theory" by which the third-party defendants would garner some liability as the result of the original claim. *Mattes*, 323 F.3d at 698. Harstad has provided no indication of how the third party defendants would be held legally responsible in some way if he were found liable to Portfolio for the unpaid debt. His briefing on the third party petition only makes the conclusory argument that "[i]f Harstad had been found liable to Portfolio for the debt alleged in Portfolio's petition, [NCOP and Citibank] would, in turn, be liable to Harstad." [Doc. # 18 at 2; Doc. # 16 at 8]. However, this argument does not appear to fit together logically. Harstad's claims against the third party defendants are based upon the underlying assumption that he does not owe the debt. However, if the debt were indeed owed, then the third-party defendants here would appear to lack direct liability to Harstad for Portfolio's successful judgment, as the debt's legitimacy

4

would presumably make valid the transfer of the debt from the third party defendants to Portfolio. Any improper conduct by the third party defendants in transferring a fraudulent debt to Portfolio could potentially serve as a defense for Harstad against Portfolio's claim but such a defense would, if successful, negate the very basis of Harstad's liability to Portfolio: that the debt was owed by Harstad. As Harstad has not provided in his briefing any legal basis for the liability of the third-party defendants with regard to the original claim, the Court finds that he has failed to establish the basic requirement for bringing an interpleader suit.

Even if the third party defendants were liable for Portfolio's claim against Harstad, however, the Court would be within its discretion to dismiss the third party complaint, as the original complaint has long since been dismissed. The purpose of Rule 14 is a desire "to promote economy by avoiding the situation where a defendant has been adjudicated liable and then must bring a totally new action against a third party who may be liable to him for all or part of the original plaintiff's claim against him." 6 Wright, Miller, Kane, *Federal Practice & Procedure*: Civ. 2d § 1441 at 289-90 (2d ed.1990). As Portfolio dismissed its claim almost two years before the third party complaints were brought, and the entire case was dismissed almost a year ago, the rationale for impleading third party defendants here is greatly weakened. *See American Zurich*, 512 F.3d. at 805 ("[I]t is rare that a court renders judgment in favor of the defendant or dismisses the underlying action but nonetheless chooses to address a third-party claim.").

5

Harstad requests that the Court simply realign the parties.[1] However, Harstad's request falls outside the scope of the realignment doctrine's purpose, which is to prevent unconstitutional advisory opinions by ensuring that a true case or controversy exists between the parties. *Nevada Eighty-Eight, Inc. v. Title Ins. Co. of Minnesota*, 753 F. Supp. 1516, 1525 (D. Nev., 1990) (discussing the purpose of the realignment doctrine developed by the U.S. Supreme Court); *see also Indianapolis v. Chase National Bank*, 314 U.S. 63, 69 (1941).[2] As Citi-Defendants and NCOP are not necessary parties to Portfolio's action, their interests did not affect whether a genuine case or controversy existed in the original action. See *Nevada*, 753 F. Supp at 1526 (stating that the court would "realign a party along its true interests only if it should have originally been brought into the case either as a plaintiff or a defendant"). Granting realignment in this case, however, would sanction improper use of Rule 14 to bring claims against new defendants, even after the original plaintiff had dismissed its claim, a result the Court will not permit.

---

[1] The authority cited by Harstad in support of realignment is not persuasive. *Fisherman's Harvest, Inc. v. United States* concerns realignment of an intervenor, not a third party defendant under Rule 14. 05-840 C, 2006 WL 3475362 (Fed. Cl. Nov. 28, 2006). *Indianapolis v. Chase National Bank* does not provide support for the notion that federal courts may disregard the requirements of Rule 14 by realigning third party defendants when they were impleaded improperly. 314 U.S. 63, 69 (1941). *See infra*, note 3.

[2] The courts, not the parties, have final say over aligning the various parties in order to ensure that a proper case or controversy exists between the parties. If jurisdictional requirements, such as complete diversity, are destroyed in the process, courts are obligated to dismiss the case. *Nevada,* 753 F. Supp at 1525; *Chase National Bank*, 314 U.S. at 69. In *Chase National*, the Supreme Court realigned parties where initially adverse parties were in reality on "the same side of the controversy not only for their own purposes, but for jurisdictional purposes." *Id.* The realignment, by defeating complete diversity, led to dismissal of the case for lack of federal jurisdiction. *Id.*

### III. Conclusion

For the above reasons,[3] it is hereby ORDERED that Citi-Defendants and NCOP's Motions to Dismiss [Docs. ## 5 and 9] are GRANTED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: November 14, 2011
Jefferson City, Missouri

---

[3] As the third party complaint against Citi-Defendants cannot be sustained under Fed. R. Civ. P. 14, the Court need not address their arguments that Harstad's claims are substantively improper under Missouri law.

7